UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENISE LORENE CHAPMAN,<br><br>Plaintiff<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>Defendant. | Case No. 5:15-cv-867 (GJS)<br><br>**MEMORANDUM OPINION AND ORDER** |

## INTRODUCTION

This is an uncommonly simple social security disability benefits case. Chapman claims that the administrative law judge ("ALJ") improperly rejected her credibility when he found that her layoff two years before her alleged disability onset date was not for medical reasons. The Commissioner agrees that the ALJ was wrong [Dkt. 19 at 5], but seeks to support the ALJ's conclusion based on reasons not proffered by the ALJ. Because the court can affirm only based on the ALJ's logic, remand is appropriate.

## GOVERNING STANDARD

Under 42 U.S.C. § 405(g), the Court reviews the Administration's decision to determine if: (1) the Administration's findings are supported by substantial

evidence; and (2) the Administration used correct legal standards. *See Carmickle v. Comm'r*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation and quotations omitted); *see also Hoopai*, 499 F.3d at 1074.

### DISCUSSION

Resolution of this case requires only brief discussion, and the Court assumes the parties' familiarity with the procedural history and findings of the ALJ. "Where, as here, an ALJ concludes that a claimant is not malingering, and that she has provided objective medical evidence of an underlying impairment which might reasonably produce the pain or other symptoms alleged, the ALJ may 'reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" *Brown-Hunter v. Colvin*, 806 F.3d 487, 492-93 (9th Cir. Nov. 3, 2015) (quoting *Lingenfelter v. Astrue,* 504 F.3d 1028, 1036 (9th Cir. 2007)).

The ALJ gave one and only one reason for rejecting Chapman's credibility: "the claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely credible since the claimant admit[ted] that she was laid off and that she did not stop working as the result of her medically determinable impairments[.]" [Admin. Rec. ("AR") 24.][1] The Commissioner agrees with Chapman that the ALJ's finding was wrong: "Defendant acknowledges that Plaintiff

---

[1] The Court understands the remainder of that paragraph—which discusses the nature of claimant's medical impairments—to be supportive of the statement that "she did not stop working as the result of her medically determinable impairments[.]" [AR 24]

2

1 did not allege that she was laid off due to her medical impairments (AR 214), and
2 that as such, the ALJ mistakenly found her not credible based on her layoff." [Dkt.
3 19 at 5.] So does the Court, as Chapman never claimed that her layoff resulted from
4 her disability. As such, this could not serve as a "clear and convincing" reason to
5 find Chapman not to be credible.
6     Attempting to save the ALJ's adverse credibility determination *post-hoc*, the
7 Commissioner relies on a number of alternative bases for rejecting Chapman's
8 credibility: that Chapman's testimony (1) was not supported by objective medical
9 evidence, (2) conflicted with the other medical evidence of record, and (3) was
10 inconsistent with her daily activities. The Court does not determine whether the
11 ALJ *could* have relied on these reasons, because it is enough for the Court to
12 conclude that the ALJ *did not* rely on them.
13     "If the ALJ fails to specify his or her reasons for finding claimant testimony not
14 credible, a reviewing court will be unable to review those reasons meaningfully
15 without improperly 'substitut[ing] [its] conclusions for the ALJ's, or speculat[ing]
16 as to the grounds for the ALJ's conclusions." *Brown-Hunter*, 806 F.3d at 492
17 (quoting *Treichler v. Comm'r of Soc. Sec. Admin.,* 775 F.3d 1090, 1103 (9th Cir.
18 2014)). Accordingly, this Court "review[s] only the reasons provided by the ALJ in
19 the disability determination and may not affirm the ALJ on a ground upon which he
20 did not rely." *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014); *see Stout v.*
21 *Comm'r, Soc. Sec. Admin.,* 454 F.3d 1050, 1054 (9th Cir. 2006) ("we cannot affirm
22 the decision of an agency on a ground that the agency did not invoke in making its
23 decision." (quoting *Pinto v. Massanari,* 249 F.3d 840, 847 (9th Cir. 2001))). Put
24 another way, even if the Court found these reasons "convincing," it could not
25 possibly find them "clear" because the ALJ never asserted them. The Court will not
26 accept the Commissioner's invitation to affirm the ALJ's opinion on a basis the ALJ
27 did not express. Accordingly, remand is appropriate.
28

## CONCLUSION

For all of the foregoing reasons, **IT IS ORDERED** that Judgment be entered REVERSING the Commissioner's decision and REMANDING this matter for further administrative proceedings consistent with this Memorandum Opinion and Order.

**IT IS HEREBY ORDERED.**

DATED: January 13, 2016  _____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE